UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANDREW MAKARIOUS,**<br><br>　　　　　　Plaintiff,<br>v.<br><br>**PORTFOLIO RECOVERY ASSOCIATES, LLC; PRA GROUP, INC.,**<br><br>　　　　　　Defendant. | Civil Case No.: 16-6475<br><br>**COMPLAINT** |

## INTRODUCTION

1.　This action arises out of Defendants' Portfolio Recovery Associates LLC's ("PRA" or "PRA LLC") and PRA Group, Inc. ("PRAA" or "PRA Group") (collectively, "Defendant") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.　Over approximately the past several years, Defendant has placed dozens, if not hundreds, of calls to Plaintiff Andrew Makarious' cellular telephones without his prior express consent.

3.　All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1).

4.　Furthermore, the calls continued after Plaintiff asked Defendant on multiple occasions to stop calling.

5.　Defendant's actions violate the TCPA, and Plaintiff is entitled to $500 to $1500 per call.

## JURISDICTION AND VENUE

1

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7. This Court has personal jurisdiction over Defendant because Defendant is Defendant conducts significant amounts of business within this District and directed its wrongful conduct at this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claim occurred in this District.

## PARTIES

9. Plaintiff is a citizen and resident of Bayonne, New Jersey.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

11. Defendant Portfolio Recovery Associates LLC is, and at all times mentioned herein was, a Delaware corporation headquartered at 120 Corporate Boulevard, Norfolk, Virginia 23502.

12. Defendant Portfolio Recovery Associates LLC is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

13. Defendant PRA Group, Inc. is a Delaware corporation headquartered at 120 Corporate Boulevard, Norfolk, Virginia 23502. PRA Group, Inc. is a publicly-traded company and PRA LLC is PRA Group's subsidiary. Through its employees, PRA Group is directly involved in the conduct which violates the TCPA. PRA Group. controls and directs PRA LLC's conduct alleged herein.[1]

---

[1] It is for this reason both Defendants will be treated singularly as "Defendant" throughout this complaint.

## FACTS

14. For several years, Defendant has placed telephone calls to two of Plaintiff's cellular telephone numbers: 201-###-4760 (Plaintiff's previous number) and 551-###-1090 (Plaintiff's current number.)

15. Plaintiff knew that these calls were from Defendant because Defendant identified itself and also Plaintiff would occasionally call unknown numbers back to ascertain the identity of the caller.

16. Plaintiff received notice that he was included in the class action settlement in *In re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, Case No. 11-MD-2295-JAH-BGS, before the United States District Court for the Southern District of California, further indicating that he received calls from Defendant.

17. Plaintiff timely opted out of this settlement class on September 28, 2016.

18. These calls were all in an effort to collect a debt, though to whom the debt belonged is unclear.

19. All of these calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. This is evidenced by the fact that on each of these calls, when Plaintiff answered, he was greeted by a period of silence, typically followed by an audible click before Defendant's system would begin to play a prerecorded voice. This behavior is indicative of an automatic telephone dialing system.

21. Plaintiff never gave Defendant his prior express consent to make such calls to his cellular telephone.

22. Upon information and belief, Defendant obtained at least one – if not both – of Plaintiff's cellular telephones numbers via skip tracing – meaning Defendant obtained one or both of the telephone numbers from public or private records or databases rather than from Plaintiff himself.

23. This belief is based on the facts that Defendant began calling a telephone number which Plaintiff did not own when Defendant had first begun calling Plaintiff on his other telephone number, and also that Defendant began calling Plaintiff's father, presumably because that number had been associated with the same address as Plaintiff.

24. In addition, Plaintiff asked Defendant on multiple occasions to stop calling.

25. Despite these requests, the calls continued.

26. Defendant's actions were willful because Defendant made the calls of its own volition.

27. Defendant's actions were knowing because Defendant knew it was calling a cellular telephone (because, on information and belief, it was calling a number identified in its records as a cellular telephone), knew it was using an automatic telephone dialing system, and knew it did not have consent. Furthermore, Defendant's lengthy history of TCPA litigation

28. Plaintiff has suffered concrete harm as a result of Defendant's telephone calls, including, but not limited to, device storage, data usage, plan usage, tying up his telephone line with unsolicited calls, lost time tending to the unwanted telephone calls and responding to Defendant's unlawful conduct, the invasion of his privacy by calls continuing after he informed

Defendant that it had the wrong number, and nuisance.

29. These forms of concrete harm are sufficient for Article III standing purposes.

30. Plaintiff is entitled to statutory damages, actual damages, and injunctive relief.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

31. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32. Defendant placed repeated calls to Plaintiff on his cellular telephone numbers.

33. As alleged, these calls all used an "automatic telephone dialing system."

34. Plaintiff did not provide Defendant with prior express consent to call his cellular telephone numbers.

35. Defendant continued to call Plaintiff after Plaintiff asked Defendant to stop calling.

36. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

37. Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

39. Plaintiff seeks these damages for all calls Defendant made to his cellular telephone numbers in violation of the TCPA from December 23, 2006 to the present. While the TCPA has a four-year statute of limitations, the first putative class action encompassing Plaintiff's claims was filed on December 23, 2010, which tolled the statute of limitations for Plaintiff's individual claims. *See, e.g.*, *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974); *McKowan Lowe & Co., Ltd. V. Jasmine, Ltd.*, 295 F.3d 380, 384 (3d Cir. 2002).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Andrew Makarious prays for the following relief:

 A. An order declaring that Defendant's actions violate the aforementioned laws and statutes;

 B. An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

 C. An award statutory damages;

 D. An award of treble damages;

 E. An award of actual damages;

 F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** October 4, 2016    */s/ Jeremy M. Glapion*
              Jeremy M. Glapion
              **THE GLAPION LAW FIRM, LLC**
              1704 Maxwell Drive
              Wall, New Jersey 07719
              Tel: 732.455.9737
              Fax: 732.709.5150
              jmg@glapionlaw.com

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Jeremy M. Glapion, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

**Dated:** October 4, 2016

*/s/ Jeremy M. Glapion*
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com