**TROUTMAN SANDERS LLP**
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6227
*Attorneys for Defendant Portfolio Recovery Associates, LLC and PRA Group, Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREW MAKARIOUS,<br><br>　　　　Plaintiff,<br><br>　　-v-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC; PRA GROUP, INC.,<br><br>　　　　Defendants. | Civil Action No. 2:16-cv-06475 |

**PRA GROUP, INC.'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**MOTION DAY: JANUARY 3, 2017**

# TABLE OF CONTENTS

OVERVIEW .................................................................................................................. 1
LEGAL STANDARD................................................................................................... 3
    I.     Plaintiff's allegations regarding shared employees are
          insufficient to establish jurisdiction over PRA Group. .......................8
          A.     Laura White – Chief Compliance Officer.................................8
          B.     Neal Stern – Former PRA Group Employee ..........................10
    II.    PRA Group's Form 10-K securities filings cannot be the basis
          for jurisdiction over PRA Group........................................................11
CONCLUSION........................................................................................................... 12

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                        **PAGE(S)**

*A.S.T., Inc. v. Pallenberg*,
    2008 U.S. Dist. LEXIS 39546 (D.N.J. 2008) ......................................................10

*Action Mfg. Co. v. Simon Wrecking Co.*,
    375 F. Supp. 2d 411, 2005 U.S. Dist. LEXIS 12131............................................8

*Am. Med. Sys., Inc. v. Biolitec, Inc.*,
    604 F. Supp. 2d 325 (D. Mass. 2009).................................................................2

*Arch v. American Tobacco Company, Inc.*,
    984 F. Supp. 830 (E.D. Pa. 1997)...............................................................5, 6, 7

*BP Chem., Ltd. v. Formosa Chem. & Fibre Corp.*,
    229 F.3d 254 (3d Cir. 2000) ................................................................................4

*Carteret Sav. Bank, FA v. Shushan*,
    954 F.2d 141, 149 (3d Cir. 1992) ........................................................................4

*Craig v. Lake Asbestos of Quebec, Ltd.*,
    843 F.2d 145 (3d Cir. 1988) ................................................................................2

*Digiralomo v. Shop at Home, Inc.*,
    No. 01-CV-4001, 2001 U.S. Dist. LEXIS 23640 (D.N.J. Mar. 1, 2002) .............3

*Directory Dividends, Inc. v. SBC Communications, Inc.*,
    2003 U.S. Dist. LEXIS 12214, 2003 WL 21961448 (E.D. Pa. July 2,
    2003) ....................................................................................................................6

*Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001) .........................................................................6, 11

*Ergo Licensing, LLC v. Cardinal Health, Inc.*,
    2009 U.S. Dist. LEXIS 61520 (D. Maine July 13, 2009)....................................2

*Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*
   988 F.2d 476, 482 (3d Cir. 1993) ..................................................................................4

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984)........................................................................................................4

*Int'l Shoe Co. v. Washington,*
   326 U.S. 310, 316 (1945)................................................................................................4

*In Re Latex Gloves Products Liability Litigation,*
   2001 U.S. Dist. LEXIS 12757, 2001 WL 964105 (E.D. Pa. August 22,
   2001) ................................................................................................................................6

*Lasalle Nat'l Bank v. Vitro*,
   85 F. Supp. 2d 857 (ND IL)............................................................................................9

*Luca v. Gulf & Western Industries, Inc.*,
   666 F.2d 800 (3rd Cir. 1981) ..........................................................................................5

*Monlnlycke Health Care AB v. Dumex Medical Surgical Products, Ltd.*,
   64 F. Supp. 2d 448 (E.D. PA).........................................................................................9

*Pearson v. Component Technology Corp.*,
   247 F.3d 471 (3d Cir. 2001) ...........................................................................................5

*QR Spex, Inc. v. Motorola, Inc.,*
   *507 F. Supp. 2d 650 (E.D. Tex. 2007)* ..........................................................................2

*Quality Int'l Packaging, Ltd. v. Chamilia Inc.*,
   No. 13-5235, 2015 U.S. Dist. LEXIS 102919 (D.N.J. Aug. 5, 2015)..................1

*Seltzer v. I.C. Optics, Ltd.*,
   339 F. Supp. 2d 601 (D.N.J. 2004).......................................................................1, 2, 11

*Tier v. Equifax Info. Sys., LLC*,
   No. 12-cv-4408, 2013 U.S. Dist. LEXIS 104144 (D.N.J. July 25, 2013)............4

*Transp. Ins. Co. v. Am. Harvest Baking Co.*,
   2015 U.S. Dist. LEXIS 168018 (D.N.J. Dec. 16, 2015).........................................1

*Trustees of Nat. Elevator Industry Pension, Health Benefit and Educational
   Funds v. Lutyk*,
   332 F.3d 188 (3d Cir. 2003) ...........................................................................................5

*United States v. Bestfoods*,
   524 U.S. 51, 141 L. Ed. 2d 43, 118 S. Ct. 1876 (1998) .......................................6

*Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.*,
   75 F.3d 147 (3d Cir. 1996) .............................................................................................4

*Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corporation,*
   751 F.2d 117, 120 (2d Cir. 1984) ..................................................................................8

*Wortham v. Karstadtquelle AG*,
   320 F. Supp. 2d 204 (D.N.J. 2004) ................................................................................3

Defendant, PRA Group, Inc. ("PRA Group"), by counsel and pursuant to Fed. R. Civ. P. 12(b)(2), submits this Reply to Plaintiff's Response in Opposition to PRA Group's Motion to Dismiss Plaintiff's First Amended Complaint (hereinafter "Amended Complaint").

## OVERVIEW

Plaintiff attempts to pull the Court "into the weeds" and ignore the requisite jurisdictional analysis at issue in this case. However, it remains "well-established in New Jersey that the forum contacts of a subsidiary corporation will not be imputed to a parent corporation for jurisdictional purposes without a showing of something more than ownership." *Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 609 (D.N.J. 2004) (citations omitted). "Instead, something more akin to an alter ego or agency relationship is required." *Quality Int'l Packaging, Ltd. v. Chamilia Inc.*, No. 13-5235, 2015 U.S. Dist. LEXIS 102919, at *12 (D.N.J. Aug. 5, 2015). Here, Plaintiff does not – and cannot – allege, much less prove, such an alter ego relationship between PRA, LLC and its parent holding company, PRA Group.[1]

---

[1] Indeed, the entirety of Plaintiff's alter ego argument consists of the unsurprising allegation that two PRA Group employees had job responsibilities that touch upon PRA LLC's business activities, and that PRA Group's consolidated securities filings somehow support the exercise of jurisdiction in New Jersey, a state where it does no business. As discussed more fully below, Plaintiff's meager arguments fall well short of the strict standard which must be met to pierce the corporate veil in the manner he requests. *See Transp. Ins. Co. v. Am. Harvest Baking Co.*, 2015 U.S. Dist. LEXIS 168018, at *13 (D.N.J. Dec. 16, 2015) ("[I]n an ordinary holding company/subsidiary relationship, not one of undue domination and control, there is no alter ego

Nor does Plaintiff allege, much less prove, that PRA Group played any direct role with respect to his debt. Specifically, plaintiff does not – and cannot – allege that:

- PRA Group ever contacted Plaintiff;

- PRA Group ever attempted to collect Plaintiff's debt; or

- PRA Group ever received any payments from Plaintiff.

Indeed, the uncontested facts show that PRA Group has no contacts with New Jersey whatsoever. *See* Zahn Decl. at ¶¶ 9-10 (PRA Group has no offices or employees in New Jersey, conducts no business in New Jersey, is not registered with the New Jersey Division of Revenue and Enterprise Services, and has no registered agent for service of process in New Jersey). Because Plaintiff's Amended Complaint, like the original, is devoid of any true factual allegations to

---

relationship."). *See also Am. Med. Sys., Inc. v. Biolitec, Inc.,* 604 F. Supp. 2d 325, 330 (D. Mass. 2009) (finding common employees insufficient to establish minimum contacts and declining to pierce the corporate veil because evidence established a traditional parent-subsidiary relationship); *Ergo Licensing, LLC v. Cardinal Health, Inc.,* 2009 U.S. Dist. LEXIS 61520, (D. Maine July 13, 2009) (stating that merely providing legal representation and support functions to a subsidiary does not confer jurisdiction); *QR Spex, Inc. v. Motorola, Inc., 507 F. Supp. 2d 650, 663 (E.D. Tex. 2007)* (declining to find personal jurisdiction for parent company under alter ego theory, despite the fact that it provided oversight and marketing, owned 100% of the subsidiary's stock, and shared common officers). *See generally Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 150 (3d Cir. 1988) ("It is patently clear since *Ventron* that in New Jersey even the exercise of significant control by the parent over the subsidiary will not suffice to pierce the corporate veil."); *Seltzer,* 339 F. Supp. 2d at 613 (recognizing "New Jersey's strong presumption against attributing a subsidiary's forum contacts to its corporate parent").

support the exercise of specific personal jurisdiction over PRA Group,[2] PRA Group should be dismissed.

## LEGAL STANDARD

On a motion challenging jurisdiction under Fed. R. Civ. P. 12(b)(2), *a plaintiff bears the burden of proving by a preponderance of the evidence* that the "defendant has purposefully directed its activities toward the residents of the forum state or otherwise purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Digiralomo v. Shop at Home, Inc.*, No. 01-CV-4001, 2001 U.S. Dist. LEXIS 23640, at *6, 7 (D.N.J. Mar. 1, 2002) (citations and internal quotation marks omitted). "A plaintiff may not rely on the pleadings alone in order to withstand a motion to dismiss for lack of personal jurisdiction." *Id*. at *6 (citations omitted); *see also Wortham v. Karstadtquelle AG*, 320 F. Supp. 2d 204, 215 (D.N.J. 2004) ("[P]laintiffs must proffer competent evidence of jurisdictional facts to meet their burden on a 12(b)(2) motion.") (citations omitted).

Under federal due process principles, a court may not exercise personal jurisdiction over a defendant unless the defendant has "'minimum contacts' in the forum state" and "the exercise of a court's jurisdiction comport with 'traditional notions of fair play and substantial justice.'" *Digiralomo*, 2001 U.S. Dist. LEXIS

---

[2] Plaintiff concedes, as he must, that PRA Group lacks the requisite contacts with New Jersey to support the exercise of general personal jurisdiction. *See* Plaintiff's Opp. at 2.

3

23640 at *9 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "[W]hen a defendant establishes such minimum contacts, the Court may exercise so-called 'specific personal jurisdiction' over that defendant for claims arising out of those contacts." *Tier v. Equifax Info. Sys., LLC*, No. 12-cv-4408, 2013 U.S. Dist. LEXIS 104144, at *6 (D.N.J. July 25, 2013) (citing *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 149 (3d Cir. 1992)). A court should analyze whether the defendant "'purposefully avail[ed] itself of the privilege of conducting activities within the forum state.'" *Id.* (quoting *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993)).

Specific jurisdiction is appropriate only if the cause of action is related to or arises out of the defendant's forum-related activities, so that it should reasonably expect to be haled into court. *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.*, 75 F.3d 147, 151 (3d Cir. 1996); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Further, the defendant must have "purposefully directed his activities at residents of the forum" and the litigation must have resulted from alleged injuries that "arise out of or relate[] to those activities." *BP Chem., Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000) (internal quotations omitted).

The Third Circuit has set forth factors which should be considered in determining whether a court has specific jurisdiction, such as whether the

4

subsidiary corporation played a part in the transactions at issue, whether the subsidiary was merely the alter ego or agent of the parent, and whether the independence of the separate corporate entities was disregarded. *Luca v. Gulf & Western Industries, Inc.*, 666 F.2d 800, 806 (3rd Cir. 1981). One of the relevant factors in determining whether the jurisdictional contacts of a subsidiary should be imputed to the parent corporation is whether the subsidiary is the alter ego of the parent. *Lucas*, 666 F.2d at 806; *Arch v. American Tobacco Company, Inc.*, 984 F. Supp. 830, 8337 (E.D. Pa. 1997). The Third Circuit has held that a parent corporation can be held responsible for the liabilities of a subsidiary, *i.e.* piercing the corporate veil, if the plaintiff can show that the subsidiary corporation is really the alter-ego of the parent corporation. *Pearson v. Component Technology Corp.*, 247 F.3d 471, 484-85 (3d Cir. 2001). This alter ego test looks to the following factors:

> gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning of funds from the debtor corporation by the dominant stockholder, nonfunctioning of officers and directors, absence of corporate records, and whether the corporation is merely a facade for the operations of the dominant stockholder.

*Id.*; *see also Trustees of Nat. Elevator Industry Pension, Health Benefit and Educational Funds v. Lutyk*, 332 F.3d 188, 194 (3d Cir. 2003) (citing *Pearson* as describing the factors for the "Third Circuit alter ego test"). Here, Plaintiff has made no allegations to satisfy the *Pearson* factors.

5

A plaintiff can also show that a subsidiary is the alter ego of a parent corporation, such that imputing jurisdictional contacts is appropriate, by demonstrating that "the degree of control exercised by the parent is greater than normally associated with common ownership and directorship" and that "the parent controls the day-to-day operations of the subsidiary such that the subsidiary can be said to be a mere department of the parent." *Directory Dividends, Inc. v. SBC Communications, Inc.*, 2003 U.S. Dist. LEXIS 12214, 2003 WL 21961448, *3 (E.D. Pa. July 2, 2003) (citing *Arch*, 984 F. Supp. at 837; other citations omitted); *see also Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001) ("An alter ego or agency relationship is typified by parental control of the subsidiary's internal affairs or daily operations"). This stand accepts that parent corporations naturally have some involvement in their subsidiaries. See *United States v. Bestfoods*, 524 U.S. 51, 69, 141 L. Ed. 2d 43, 118 S. Ct. 1876 (1998) (citations omitted) (Recognizing that it is "normal for a parent and subsidiary to have identical directors and officers."); *In Re Latex Gloves Products Liability Litigation,* 2001 U.S. Dist. LEXIS 12757, 2001 WL 964105,  *2 n.8 (E.D. Pa. August 22, 2001) (explaining that the agency rule of imputing jurisdictional contacts when a subsidiary is engaged in  activities that the parent would have to undertake itself "ordinarily does not apply to a holding company inasmuch as the parent could simply use another subsidiary to accomplish the same result"); *and Doe v.Unocal*

*Corp.*, 248 F.3d 915, 929-30 (9th Cir. 2001) (holding that imputing a subsidiary's jurisdictional contacts to its parent on an agency theory is improper when the parent corporation is merely a holding company). The *Arch* court found that even when there are overlapping directors between a parent company and its wholly-owned subsidiary (which is not the case here), this is not sufficient to establish an alter ego relationship and it does not establish that the parent's supervision over the subsidiary is greater than that normally associated with parent-subsidiary relationships. 984 F. Supp. at 838.

Taking into account all the factors discussed above, because Plaintiff fails to allege that PRA Group had any connect to his debt, but rather that they simply oversaw their subsidiary, Plaintiff fails to establish a *prima facie* case that the jurisdictional contacts of PRA LLC should be imputed to PRA Group.

In response, Plaintiff rests his argument that PRA LLC's contacts should be imputed to PRA Group on two specific allegations: (1) that the job responsibilities of two of PRA Group's employees allegedly overlapped with PRA, LLC's business; and (2) that PRA Group's consolidated Form 10-K suggests its involvement with the type of telephone calls at issue in Plaintiff's TCPA claims. Neither of these allegations, even taken as true, is sufficient to establish that PRA Group and PRA, LLC are alter egos for jurisdictional purposes.

7

**I.     PLAINTIFF'S ALLEGATIONS REGARDING SHARED EMPLOYEES ARE INSUFFICIENT TO ESTABLISH JURISDICTION OVER PRA GROUP.**

Courts regularly recognize that the "officers of any corporation that owns the stock of another necessarily exercise a considerable degree of control over the subsidiary corporation and the discharge of that supervision alone is not enough to subject to parent to . . . jurisdiction." *Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 420-425, 2005 U.S. Dist. LEXIS 12131, *21-37, 60 ERC (BNA) 2011 (E.D. Pa. 2005) (citing *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corporation*, 751 F.2d 117, 120 (2d Cir. 1984) (citations omitted)). As discussed below, at best Plaintiff has failed to show anything beyond this typical degree of control so as to support jurisdiction over PRA Group.

**A.     Laura White – Chief Compliance Officer**

Plaintiff alleges that "Defendant PRA Group, Inc. and Defendant PRA LLC share at least one key employee in common: Laura White, Chief Compliance Officer." (Am. Compl. ¶ 10.) This assertion is entirely based on Ms. White's appearance on the "Contact Us" section of a consolidated website. (Am. Compl. ¶ 11.) Her inclusion on the website in no way supports jurisdiction over PRA Group.

First, although PRA maintains websites branded for both PRA Group and PRA LLC, the website in question, www.portfoliorecovery.com, is a shared

8

website for PRA Group and its subsidiaries and affiliates. Plaintiff continues to ignore the fact that the website expressly states:

### RESTRICTIONS ON USE OF MATERIALS

> This web site has been prepared solely for the purpose of providing information about PRA Group, Inc., its subsidiaries and affiliates (referred to herein as PRA, we, us or our ). You should use the materials for informational purposes only. No representation is made as to the completeness or accuracy of the information on this web site.

http://www.portfoliorecovery.com/legal.html.

Further, various Courts across the country have held that information on a shared website is insufficient for purposes of imputing contacts for purposes of establishing jurisdiction. *See Monlnlycke Health Care AB v. Dumex Medical Surgical Products, Ltd.*, 64 F. Supp. 2d 448, 452 (E.D. PA) ("while [plaintiff's] websites are available in every state, they are not necessarily targeted towards every state. Plaintiff has made no showing that defendant's websites targeted Pennsylvania."); *Lasalle Nat'l Bank v. Vitro*, 85 F. Supp. 2d 857, 865 (ND IL) ("Personal jurisdiction is based on actual evidence of control . . . rather than on a corporation's general descriptions. Promotional statements made on a public website do not precisely convey the operative corporate structure.")

Ms. White's inclusion on a shared website simply cannot be the basis for jurisdiction over the PRA Group as a mere holding company.

9

### B.     Neal Stern – Former PRA Group Employee

As PRA originally stated, Mr. Stern's declaration of 2011 is misquoted, outdated, and incorrect. Plaintiff's counsel admits that the declaration was misquoted but claims that it was "inadvertent" because he did not has access to the actual declaration. Making declarations based on hearsay and incorrectly attributing them to a defendant is not inadvertent but rather a violation of Rule 11 of the Federal Rules of Civil Procedure. Further, although Plaintiff was quick to amend his Complaint to bolster his jurisdictional argument over PRA Group with false statements, he chose not to do so after it was exposed by opposing counsel.

As discussed in PRA Group's Motion to Dismiss Plaintiff's Amended Complaint, there was a mistake in Mr. Stern's declaration where his title is listed as "Chief Operating Officer of Portfolio Recovery Associates, LLC ('PRA') . . . ." (Stern Decl. ¶ 1.) Not only is Mr. Stern's title incorrect, but he was never employed by PRA LLC. Mr. Stern was an employee of its parent company, PRA Inc.

Regardless, for purposes of jurisdiction, PRA Group's contacts should be assessed at the time of service, not based on an incorrect declaration submitted in a wholly unrelated matter five years ago regarding a former employee. *See A.S.T., Inc. v. Pallenberg*, 2008 U.S. Dist. LEXIS 39546, at *7 (D.N.J. 2008) ("Significantly, personal jurisdiction depends on the defendant's contacts with the

forum state *at the time the lawsuit was filed*.") (emphasis in original). Based on the pleadings and the relationship between PRA LLC and PRA Group, the Court should apply "New Jersey's strong presumption against attributing a subsidiary's forum contacts to its corporate parent," and dismiss PRA Group from this matter. *Seltzer*, 339 F. Supp. 2d at 613. Plaintiff has failed to proffer competent evidence of jurisdictional facts to meet their burden in opposing PRA Group's Rule 12(b)(2) motion.

## II. PRA GROUP'S FORM 10-K SECURITIES FILINGS CANNOT BE THE BASIS FOR JURISDICTION OVER PRA GROUP.

The federal securities laws require public companies to disclose information on an ongoing basis. See https://www.sec.gov/answers/form10k.htm. The annual report on Form 10-K provides a comprehensive overview of the company's business and financial condition and includes audited financial statements. *Id.* By design, Form 10-K is consolidated to include subsidiaries as well as the parent company. *See* Form 10-K, https://www.sec.gov/about/forms/form10-k.pdf.

"References in the parent's annual report to subsidiaries or chains of subsidiaries as divisions of the parent company do not establish the existence of an alter ego relationship." *Unocal*, 248 F.3d at 928 (affirming district court's refusal to attribute the contacts of subsidiaries to a parent corporation). Simply stated, PRA Group's SEC Form 10-K includes consolidated statements and accounts of PRA Group and its subsidiaries, including PRA LLC. To hold that required

11

disclosures in a Form 10-K filing successfully impute the jurisdictional contacts of a subsidiary to its parent company would be diametrically opposed to long-standing New Jersey law.

## CONCLUSION

Plaintiff's Amended Complaint contains <u>no</u> allegations regarding PRA Group's contacts with New Jersey or the Plaintiff.  Without any such factual, non-conclusory allegations, Plaintiff has not met his burden to establish the necessary specific personal jurisdiction over PRA Group.  Further, absent these allegations, additional discovery will not benefit the Plaintiff.  For the foregoing reasons, Defendant PRA Group, Inc. respectfully requests that this Court grant its motion to dismiss the Amended Complaint for lack of personal jurisdiction and enter an Order dismissing Plaintiff's claims against PRA Group with prejudice.

Dated:  December 27, 2016
        New York, New York

/s/ Amanda L. Genovese
Amanda L. Genovese

**TROUTMAN SANDERS LLP**
*Attorneys for Defendants PRA Group, Inc. and Portfolio Recovery Associates, LLC*